JUDGMENT

PER CURIAM.
This cause was considered on a petition for review of an order of the Federal Communications Commission and was briefed by counsel. It is
Ordered and Adjudged that the petition for review of an order of the Federal Communications Commission (“FCC” or “Commission”) is hereby denied essentially for the reasons stated by the Commission.
Crawford’s claim on appeal is that he received inadequate notice that his proposals could be precluded by another applicant’s earlier-filed proposal. The disposition of this claim is controlled by this court’s decision in Crawford v. FCC, 417 F.3d 1289 (D.C.Cir.2005). There, the court rejected Crawford’s claim of inadequate notice on virtually identical facts, stating that the Notice of Proposed Rule-making, In the Matter of Amendment of Section 73.202(b), Table of Allotments, FM Broadcast Stations, 15 F.C.C.R. 15809 (2000) (“Quanah NPRM”), and the FCC’s regulations, 47 C.F.R. § 1.420(d), “put all interested parties on notice that their proposals could be precluded by any counter proposal — whether foreseeable or not— that was filed by the deadline, mutually exclusive with the Quanah proposal, and mutually exclusive with their own.” Crawford, 417 F.3d at 1296 (emphasis in original). Here, the Quanah NPRM likewise gave Crawford adequate notice that his *883 late-filed, conflicting proposals would be subject to the FCC’s cutoff rule.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C. Cir. R. 41.